**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE WEBTOON ENTERTAINMENT, INC. DERIVATIVE LITIGATION | Lead Case No.: 2:24-cv-09915-CBM-RAO |

**PRELIMINARY APPROVAL ORDER**

WHEREAS, Ho Kan Cheung and Michael Lee (the "Consolidated Plaintiffs") in the above-captioned action (the "Consolidated Action") have made an unopposed motion, pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, for an order: (i) preliminarily approving the proposed settlement (the "Settlement") of stockholder derivative claims brought on behalf of WEBTOON Entertainment, Inc. ("WEBTOON" or the "Company"), as well as the potential claims asserted by certain WEBTOON stockholders, in accordance with the Stipulation and Agreement of Settlement dated November 13, 2026 (the "Stipulation")[1]; (ii) approving the form and manner of the notice of the Settlement to Current WEBTOON Stockholders, substantially in the form of Exhibits C and D attached to the Stipulation; and (iii) setting a date for the Final Settlement Hearing (Dkt. No. 45);

WHEREAS, the Stipulation sets forth the terms and conditions of the Settlement, including, but not limited to, a proposed Settlement and resolution of the following

---

[1] All defined terms herein have the same meaning as in the Stipulation unless otherwise noted.

stockholder derivative matters with prejudice: (i) the above-captioned action, titled *In re WEBTOON Entertainment, Inc. Derivative Litigation*, Lead Case No. 2:24-cv-09915-CBM-RAO (C.D. Cal.); (ii) *Lu v. Kim*, Case No. 2:26-cv-09343-CBM-RAO (C.D. Cal.) (collectively, the "Derivative Actions"); and (iii) the litigation demand asserted by WEBTOON stockholder David Clark (the "Clark Demand" and, together with the Derivative Actions, the "Derivative Matters");

WHEREAS, the Court having: (i) read and considered Consolidated Plaintiffs' Unopposed Motion for Preliminary Approval of Stockholder Derivative Settlement together with the accompanying Memorandum of Points and Authorities; and (ii) read and considered the Stipulation, as well as all the exhibits attached thereto;

WHEREAS, the Court finds, upon a preliminary evaluation, that the proposed Settlement falls within the range of possible approval criteria, as it provides a beneficial result for WEBTOON and appears to be the product of serious, informed, non-collusive negotiations between experienced, well-informed counsel as overseen by an experienced mediator; and

WHEREAS, the Court also finds, upon a preliminary evaluation, that WEBTOON stockholders should be apprised of the Settlement through the proposed form and means of notice, which constitutes the best notice practicable under the circumstances and complies fully with the requirements of Fed. R. Civ. P. 23.1 and due process, and should be allowed an opportunity to file objections, if any, thereto, and appear at the Final Settlement Hearing.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. This Court, for purposes of this Preliminary Approval Order, adopts the definitions set forth in the Stipulation.

2. This Court preliminarily approves, subject to further consideration at the Final Settlement Hearing described below, the Settlement as set forth in the Stipulation as being

fair, reasonable, and adequate.

3. A hearing shall be held on **February 18, 2027 at 10:00 a.m.**, before the Honorable Consuelo B. Marshall, at the United States District Court for the Central District of California, First Street Courthouse, Courtroom 8D, 350 W. 1st Street, Los Angeles, California 90012 (the "Final Settlement Hearing"), at which the Court will determine: (i) whether the terms of the Stipulation should be approved as fair, reasonable, and adequate; (ii) whether the notice of the Settlement fully satisfied the requirements of Fed. R. Civ. P. 23.1 and the requirements of due process; (iii) whether all Released Claims against the Released Persons should be fully and finally released; (iv) whether to award the Fee and Expense Amount to Stockholders' Counsel to be paid by Defendants' insurers and Service Awards to each of the Stockholders; and (v) such other matters as the Court may deem appropriate.

4. The Court finds that the form, substance, and dissemination of information regarding the proposed Settlement in the manner set out in this Preliminary Approval Order constitutes the best notice practicable under the circumstances and complies fully with Fed. R. Civ. P. 23.1 and due process.

5. Within fourteen (14) business days after the entry of this Preliminary Approval Order, WEBTOON shall: (1) post a copy of the Notice and the Stipulation and exhibits thereto on the Investor Relations page of the Company's website; (2) publish the Summary Notice in a press release with *GlobeNewswire*; and (3) file with the SEC the Notice and Stipulation and exhibits thereto as exhibits to an SEC Form 8-K. The Notice and Summary Notice shall provide a link to the Investor Relations page on WEBTOON's website where the Notice and Stipulation and exhibits thereto may be viewed, which page will be maintained through the date of the Final Settlement Hearing.

6. All costs incurred in the filing, posting, and publication of the notice of the Settlement shall be paid by WEBTOON, and WEBTOON shall undertake all administrative responsibility for the filing, posting, and publication of the notice of the

Settlement.

7. Within twenty (20) days after the entry of this Preliminary Approval Order, Defendants' Counsel shall file with the Court an appropriate affidavit or declaration with respect to filing, posting, and publication of the notice of the Settlement as provided for in paragraph 5 of this Preliminary Approval Order.

8. All Current WEBTOON Stockholders shall be subject to and bound by the provisions of the Stipulation and the releases contained therein, and by all orders, determinations, and judgments in the Consolidated Action concerning the Settlement, whether favorable or unfavorable to Current WEBTOON Stockholders.

9. Pending the Court's determination as to final approval of the Settlement, Stockholders and Current WEBTOON Stockholders are barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any action or proceeding in any court or tribunal asserting any Released Claims derivatively on behalf of WEBTOON against any of the Released Persons.

10. Any Current WEBTOON Stockholder may appear and show cause, if he, she, or it has any reason why the Settlement embodied in the Stipulation, including the Fee and Expense Amount and Service Awards, should not be approved as fair, reasonable, and adequate, or why the Judgment should not be entered thereon. However, no Current WEBTOON Stockholder shall be heard or entitled to contest the approval of the Settlement (unless otherwise ordered by the Court), or, if approved, the Judgment to be entered thereon, unless that Current WEBTOON Stockholder has filed, and served on counsel specified below: (i) a written notice of objection with the case name and number (*In re WEBTOON Entertainment, Inc. Derivative Litigation*, Lead Case No. 2:24-cv-09915-CBM-RAO (C.D. Cal.)); (ii) the Person's name, legal address, and telephone number; (iii) notice of whether such Person intends to appear at the Final Settlement Hearing and the reasons such Person desires to appear and be heard, and whether such Person is represented by counsel and if so, contact information for counsel; (iv) competent evidence that such

Person held shares of WEBTOON common stock as of the date of the Stipulation and continues to hold such stock as of the date the objection is made, including the date(s) such shares were acquired; (v) a statement of objections to any matters before the Court, the grounds therefor, as well as all documents or writings such Person desires the Court to consider; and (vi) the identities of any witnesses such Person plans on calling at the Final Settlement Hearing, along with a proffer of their anticipated testimony.

11. At least twenty-one (21) days prior to the Final Settlement Hearing, any such person must file the written objection(s) and corresponding materials with the Clerk of the Court, United States District Court for the Central District of California, 350 W. 1st Street, Los Angeles, California 90012 and serve such materials by that date, on each of the following Parties' counsel:

*Lead Counsel for the Consolidated Action:*

**THE BROWN LAW FIRM, P.C.**
Timothy Brown
1350 Avenue of the Americas,
Suite 1200
New York, NY 10019

*Counsel for Defendants:*

**KIRKLAND & ELLIS LLP**
Edward Hillenbrand
2049 Century Park East,
Suite 3700
Los Angeles, CA 90067

12. Only Current WEBTOON Stockholders who have filed with the Court and sent to the Parties' counsel valid and timely written notices of objection and notices of appearance will be entitled to be heard at the Final Settlement Hearing unless the Court orders otherwise. An objector who timely files and serves a written objection need not attend the Final Settlement Hearing for the objection to be considered by the Court.

13. Any Person or entity who fails to appear or object in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement and to the award of attorneys' fees and expenses to Stockholders' Counsel to be paid by Defendants' insurers and the Service Awards, unless otherwise ordered by the Court, but

shall be forever bound by the Judgment to be entered and the releases to be given as set forth in the Stipulation.

14. The Consolidated Plaintiffs shall file their motion for final approval of the Settlement, and Stockholders' Counsel shall file their application for approval of the Fee and Expense Amount and the Service Awards, at least twenty-eight (28) days prior to the Final Settlement Hearing. If there is any objection to the Settlement, the Consolidated Plaintiffs shall file a response to the objection(s) at least seven (7) days prior to the Final Settlement Hearing.

15. All proceedings in the Derivative Actions, including the *Lu* Action are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation and this Preliminary Approval Order.

16. This Court may, for good cause, extend any of the deadlines set forth in this Preliminary Approval Order without further notice to WEBTOON stockholders.

17. Neither the Stipulation, nor any of its terms or provisions, nor entry of the Judgment, nor any document or exhibit referred or attached to the Stipulation, nor any action taken to carry out the Stipulation, is, may be construed as, or may be used as evidence of the validity of any of the claims released herein or an admission by or against WEBTOON or any of the Individual Defendants of any fault, wrongdoing, or concession of liability whatsoever, except that nothing in this paragraph limits the use of the Stipulation, the Judgment, or WEBTOON's acknowledgments therein to enforce the Settlement or in support of the Fee and Expense Amount and the Service Awards.

18. The Court may, in its discretion, decide to hold the Final Settlement Hearing telephonically or by videoconference and/or to change the date and/or time of the Final Settlement Hearing without further notice to Current WEBTOON Stockholders. Any Current WEBTOON Stockholder (or his, her or its counsel) who wishes to appear at the Final Settlement Hearing should consult the Court's calendar or the Investor Relations page of WEBTOON's website, for any change in the format, date, or time of the Final Settlement

Hearing. The Court may approve the Settlement and any of its terms, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Current WEBTOON Stockholders. The Court retains jurisdiction to consider all further applications arising out of or connected with the Settlement.

**IT IS SO ORDERED.**

DATED: November 19, 2026

HONORABLE CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE